### Redmond & Buchanan vs. A. V. Witkowski and Husband et al.

1. Where a judgment creditor with judicial mortgage sues to

annul a sheriff's sale of his debtor's property, made under a writ of *fieri facias*, under a judgment enforcing a prior mortgage, the proper amount to be tendered is the amount of the prior mortgage, and not the amount for which the property was sold; but where the plaintiff tenders to defendant the amount paid for the property, and the tender is refused by the defendant, without objecting to the sufficiency of the amount, and the record does not disclose the amount of the prior encumbrance, held : that the tender is sufficient.   8 An. 503.

2.   The rules of law governing revocatory actions are not applicable to such a suit, and plaintiff is not bound to show the insolvency of the debtor, but the suit is rather in the nature of the hypothecary action, and the prescription of one year does not apply.

3.   Where the sheriff, under a writ of *fi. fa.*, seizes and advertises property for sale, and the property fails to sell for cash, and he fails within the seventy days to return the writ and retains a copy in his hands, and retaining the original writ for several months, and then advertises and sells the property on a twelve months' bond, held : that the sheriff was utterly without authority to sell, and that the sale was null and void; and that such a nullity is not a mere informality cured by the lapse of five years, under Art. 3543 C. C.

4.   When the seventy days have expired, the seizure is released, and the sheriff retaining possession thereafter is a mere trespasser, and all his subsequent acts are absolutely void.   30 An. 87 and 1127; 14 An. 597; 22 An. 491; 30 An. 1269.

5.   The subsequent ratification of such a sheriff's sale by the judgment debtor, is binding upon him as a conventional agreement, but could not give to the sale the force and effect of a judicial sale, and plaintiff's judicial mortgage remains in full force upon the property.